**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

FLORENCIO PADIN,

                Petitioner,[1]            DECISION & ORDER

  -vs-                                    07-CV-6381-CJS[2]
                                              03-CR-6044-CJS

UNITED STATES OF AMERICA,

                Respondent.
_____

**APPEARANCES**

For petitioner:                      Florencio Padin, *pro se*
                                      12017-055
                                      Federal Medical Center
                                      PMB 4000
                                      Rochester, MN 55903-4000

For respondent:                   Bret A. Puscheck, A.U.S.A.
                                      U.S. Atttorney's Office
                                      100 State Street, Rm. 500
                                      Rochester, NY 14614

---

[1] While section 2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. *See* 28 Moore's Federal Practice § 672.02[2][b] (3d Ed. 1999). Similarly, although prisoners file motions rather than petitions to initiate section 2255 proceedings, their motion papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Florencio Paden as "Petitioner" and to the United States as "Respondent."

[2] The Clerk has assigned a civil case number to this proceeding for statistical reasons. The document numbers referred to in this Decision and Order are docketed in the criminal case.

## INTRODUCTION

**Siragusa, J.** Now before the Court is Florencio Padin's ("Petitioner") *pro se* application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. For the reasons set forth below, Petitioner's application is denied.

## BACKGROUND

On January 11, 2006, Petitioner, pursuant to a written plea agreement with the respondent, pled guilty to 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin, and 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Plea Agr. (#250) at 1–2.)

As part of the plea agreement, Petitioner acknowledged that he would neither appeal nor collaterally attack any sentence of imprisonment that fell within or was less than the sentencing range of 308 to 355 months. (*Id.* at 9–10.) The plea agreement was executed in open court following a plea colloquy where the Court carefully reviewed the salient terms of the agreement. (Plea Tr. (Doc. No. 363) at 1–13.) The Court confirmed that Petitioner was informed of the charges, agreed to the facts that supported the charges, fully understood the material terms of the agreement and the consequences of pleading guilty, and that he had not been coerced in any way into entering the plea. (*Id.* at 4–10.)

The Court emphasized that, under the terms of the plea agreement, Petitioner would not be able to withdraw his guilty plea or appeal the sentence should he become dissatisfied with the ultimate sentence imposed. (*Id.* at 7.)

On September 7, 2006, the Court sentenced Petitioner to 308 months of incarceration, a six-year term of supervised release, a $500 fine and a $200 special assessment. (Sentencing Tr. (Doc. No. 368) at 22.)[3] Petitioner did not directly appeal his conviction or sentence. On August 9, 2007, Petitioner filed the instant § 2255 motion. In response, Respondent filed a memorandum with exhibits, including an affidavit from Petitioner's criminal defense attorney. (Doc. No. 370.)

## DISCUSSION

Petitioner's sole claim in the instant motion is that defense counsel provided ineffective assistance in failing to file a timely notice of appeal after he requested that counsel do so. (Pet'r Mot. (Doc. No. 359) ¶12). To establish a claim for ineffective assistance of counsel, a defendant must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F .3d 490, 502 (2d Cir. 2009).

A criminal defendant's lawyer must file an appeal from a conviction or sentence when the defendant specifically requests it, even when the defendant has waived his right to appeal. *See United States v. Campusano,* 442 F.3d 770, 774–75 (2d Cir. 2006).

---

[3] There is an apparent typographical error on the face of the transcript of the sentencing proceedings, indicating a date of October 19, 2005.

Counsel's failure to file a requested notice of appeal in these circumstances constitutes *per se* ineffective assistance, and following such failure "a defendant is entitled to a new appeal without showing that his appeal would have had merit." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000). Furthermore, when counsel fails to file a requested appeal from conviction or sentence, a court "may not dismiss the hypothetical appeal as frivolous on collateral review." *Campusano*, 442 F.3d at 775.

The Second Circuit has also made clear that, while some form of "hearing" is required where a section 2255 petitioner alleges that his lawyer failed to file a notice of appeal, such a hearing need not be "testimonial." *Campusano*, 442 F.3d at 776. Indeed, section 2255 grants a court substantial discretion to decide whether "'allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.'" *Chang v. United States,* 250 F.3d 79, 85 (2d Cir. 2001) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). In particular, where a section 2255 petitioner alleges ineffective assistance of counsel, but his factual assertions are contradicted by "a detailed affidavit from trial counsel credibly describing the circumstances," there is no requirement that a full testimonial hearing be held. *Id.*; *see also Nicholson v. United States*, 566 F.Supp.2d 300, 304–05 (S.D.N.Y.2008) (attorney affirmations contradicting section 2255 petitioner's claim that he asked his lawyers to file a notice of appeal were sufficient to obviate the need for an evidentiary hearing, particularly since petitioner offered no reply to those affirmations); *Florez v. United States*, No. 00–CV–5073, 2007 WL 162764, at *4 (E.D.N.Y. Jan.18, 2007) ("A review of the papers submitted by the parties, including a detailed affidavit from [the lawyer], are sufficient to decide this issue; a full testimonial hearing is unnecessary."). Thus, a court need not hold a full testimonial hearing where

"such a hearing would not offer any reasonable chance of altering its view of the facts" and "the testimony of [petitioner] and his trial counsel would add little or nothing to the written submissions." *Chang*, 250 F.3d at 86. While there exists a factual question in this case as to whether Petitioner instructed his attorney to file a notice of appeal, the Court nonetheless finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Respondent encloses an affidavit from Petitioner's defense counsel, Felix Lapine, Esq. ("Lapine") in support of its opposition to the instant motion. Lapine's affidavit states that at no time during his representation did Petitioner ever request or direct that a notice of appeal be filed or that an appeal be taken. Lapine also points out that he specifically discussed with his client the waiver of appeal section contained in the plea agreement, and "explained to petitioner that if he entered the plea and was thereafter sentenced in accordance with the terms of the written plea agreement that he would be waiving his right to appeal any component of his sentence which fell within or was less than the sentencing range for imprisonment . . . ." (Doc. No. 370-5.)

In response, Petitioner has submitted two sworn affidavits. The first, by Petitioner himself, states that "[a]fter sentencing the defendant told that defense Attorney Mr. Felix V. Lapine that defendant wanted to appeal the sentence." (Doc. No. 372.) In the same vein, Petitioner's wife submitted an affidavit to the Court indicating that

> After my husband . . . was sentenced to more than (300) months of imprisonment, I went to the law office of Attorney Felix V. Lapine to discuss, what could be done about his sentence. I asked [Lapine] about an appeal, and [he] gave me all of my husband's legal papers and put me out of his office. This visit to the legal office . . . had taken place about a few days after my husband's sentencing.

(Doc. No. 373.)

Petitioner's assertion is without foundation. While he had an opportunity to provide details and support his claim that he requested his counsel to file an appeal, Plaintiff has not done so, and does not provide any corroborating evidence, such as a letter to Lapine. Likewise, the affidavit of Petitioner's wife is equivocal, at best, as to whether she specifically requested that Lapine file an appeal on her husband's behalf. Neither affidavit supplied any detail regarding grounds for a potential appeal or why an appeal would be sought despite petitioner's explicit waiver of such right. *See,. e.g., Shef v. United States*, No. 06 CV 2091, 2007 WL 812104, at *5 (E.D.N.Y. Mar. 14, 2007) (declining to credit petitioner's contention that he requested that a notice of appeal be filed where petitioner did not state "which of his two attorneys he asked to file a notice of appeal, the time and means that he communicated this request, and the grounds on which he planned to appeal"). In circumstances such as these, "the Court may conclude, without holding a testimonial hearing, that no such request was made." *Garcia v. United States*, No. 04 Civ. 6019, 2008 WL 821816, at *9 (S.D.N.Y. March 28, 2008) (quoting *Chang,* 250 F.3d at 85-86 (where petitioner advanced "self-serving and improbable assertions" and "the record was supplemented by a detailed affidavit from trial counsel," it was "within the district court's discretion" to deny full testimonial hearing)).

Moreover, the Court notes that Lapine diligently represented petitioner in pursuing plea negotiations, and represented to the Court that, despite the fact that Petitioner was capable of speaking English, Lapine always discussed everything in both English and Spanish with the assistance of a bilingual attorney. (Plea Tr. at 3.) Lapine also presented a very thorough, though not ultimately persuasive, argument against the prosecution's

refusal to move for downward departure of sentencing in accordance with a cooperation agreement. (Sentencing Tr. 2-14.)

In light of Lapine's demonstrated dedication to his client, and his sworn statement that Petitioner never asked him to file a notice of appeal, the Court does not find it plausible that Lapine, as Petitioner now claims, simply ignored his request that a notice of appeal be filed. Lapine's affidavit, taken with Petitioner's plea agreement, the transcript of Petitioner's guilty plea allocution, and sentencing transcript, provide a sufficient basis for denying Petitioner's motion to vacate. *See Riggi v. United States*, No. 04 Civ. 7852, 2007 WL 2245595, *9 (S.D.N.Y. Aug. 6, 2007) (denying 2255 motion without an evidentiary hearing where attorney's credible affidavit contradicted petitioner's assertions).

## CONCLUSION

For the foregoing reasons, Petitioner's application under 28 U.S.C. § 2255 (Doc. No. 359) is denied. The Clerk of the Court is directed to close this case. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, because Petitioner has not made a substantial showing of the violation of a constitutional right.

So Ordered.

Dated: October 26, 2011
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge